UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

CASE NO.: CV 14-01474 SJO (SHx)     DATE: March 19, 2014

TITLE:    Finvest Playa 93, LLC v. Donnie V. Stabler, et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                  Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY**

This action was originally filed on December 13, 2013, in the Superior Court of California for Los Angeles County by Plaintiff Finvest Playa 93, LLC ("Plaintiff"). (*See generally* Notice of Removal ("Notice"), Ex. A 11-13 ("Compl."), ECF No. 1.) Plaintiff brought one count for unlawful detainer against Defendants Donnie V. Stabler ("Stabler") and Kia Drayton ("Drayton") (together with Stabler, "Defendants"). (*See* Compl. 1.) Stabler, acting *pro se*, removed the action to federal court on February 27, 2014. (*See generally* Notice.)

"Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue." *Fed. Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM, 2013 WL 1010535, at *1 (C.D. Cal. March 14, 2013); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."). The district court must remand the action "[i]f at any time before final judgment it appears that [it] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). District courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

The Notice, as filed, does not satisfy Stabler's burden for several reasons. First, Stabler has failed to persuade the Court that the Notice was timely. A defendant must file a notice of removal within 30 days of receiving service of process, 28 U.S.C. § 1446(b)(1)-(2), or within 30 days of receiving an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). Stabler alleges, in conclusory fashion, that the Notice is timely "because it was filed within 30 days of discovering that the case was ripe for removal" (Notice ¶ 11), but the Notice contains no indication of when Stabler or Drayton were served. Nor does Stabler provide any allegation or documentation indicating the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 14-01474 SJO (SHx)          DATE:  March 19, 2014

existence of an amended pleading or other paper that notified Defendants of the action's removability.  Since 76 days elapsed between Plaintiff filing the action and Stabler filing the Notice, the Court finds it more likely than not that Stabler filed the Notice after his 30-day window had closed.

Additionally, Drayton did not join in the Notice.  "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  As such, the Notice is also deficient because Stabler neither alleges nor offers evidence that Drayton gave her consent to remove the action or was not properly served at the time of removal.

Finally, and most importantly, the Court lacks subject matter jurisdiction over the action.  Stabler contends that the action is removable under 28 U.S.C. § 1331 because action "arises under" federal law.  (Notice ¶ 10.)  Stabler presents two arguments in support of this contention: (1) Plaintiff's unlawful detainer action arose as a result of their non-compliance with federal statutes regulating mortgage transactions (Notice ¶ 7); and (2) Stabler may "bring a cross-complaint against [Plaintiff] and raise [federal] claims . . . or join a class action lawsuit against [Plaintiff]" (Notice ¶ 9).  Neither justification is tenable.

A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).  Pursuant to the well-pleaded complaint rule, a defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state-law claim.  *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).  Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," a plaintiff may avoid federal jurisdiction by pleading exclusively state-law claims.  *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state-law cause of action for unlawful detainer.  (*See generally* Compl.)  Stabler's allegation that Plaintiff failed to comply with the federal law in the underlying mortgage transaction constitutes an affirmative defense and is insufficient to move the case from state to federal court according to the well-pleaded complaint rule.  *See, e.g.*, *Aurora Loan Servs., LLC v. Cole*, No. C 12-02573 LB, 2012 WL 2393955, at *2 (N.D. Cal. June 25, 2012); *Wells Fargo Bank, NA v. Hunt*, No. C 10-04965 JCS, 2011 WL 445801, at *3 (N.D. Cal. Feb. 3, 2011).  Any counterclaim filed by Stabler on the basis of Plaintiff's failure to comply with federal law is likewise insufficient to transform Plaintiff's state-law action into a federal question.  *See Flores v. Countrywide Home Loans, Inc.*, No. EDCV 10-01653 AHM, 2010 WL 5068905, at *1 (C.D. Cal. Dec. 3, 2010) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)).  Because Plaintiff's cause of action arises under the laws of the state of California and not the United States, Stabler cannot establish federal question jurisdiction.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 14-01474 SJO (SHx)</u>   DATE: <u>March 19, 2014</u>

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California for Los Angeles County. This matter shall close.

IT IS SO ORDERED.